# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CIVIL ACTION NO.: __3:15-cv-890-GNS__

| | |
|---|---|
| **CHARLES BROWN and JOYCE BROWN, husband and wife** | **PLAINTIFFS** |
| vs. | |
| **METALSA STRUCTURAL PRODUCTS, INC.,** a Delaware corporation,<br>    Serve: **VIA CERTIFIED MAIL**<br>          **CT Corporation System**<br>          **306 W. Main Street, Suite 512**<br>          **Frankfort, KY 40601** | |
| **METALSA AUTOMOTIVE USA, INC.,** a Delaware Corporation,<br>    Serve: **VIA SECRETARY OF STATE**<br>          **The Corporation Trust Company**<br>          **Corporation Trust Center**<br>          **1209 Orange Street**<br>          **Wilmington, DE 19801** | **DEFENDANTS** |

## COMPLAINT

Comes now Plaintiffs, Charles Brown and Joyce Brown, husband and wife, by and through their undersigned counsel, file this Complaint against Defendants, Metalsa Structural Products, Inc., a Delaware corporation; and Metalsa Automotive USA, Inc., a Delaware, Corporation, (at times hereinafter referred to collectively as "Metalsa"), and would set forth as grounds the following:

## INTRODUCTION

1. This is a case involving a Metalsa fork lift operator who ran over and crushed the right foot of Plaintiff, Charles Brown, resulting in Mr. Brown's right leg to be amputated below the knee.

## SUBJECT MATTER JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Venue in this action properly lies in the Western District of Kentucky pursuant to 28 U.S.C. §§ 1391 (a) and (c), as a substantial number of the events, actions or omissions giving rise to Plaintiffs' claims occurred in this District.

4. At all times material hereto Metalsa Structural Products, Inc., and Metalsa Automotive USA, Inc., conducted substantial business in the State of Kentucky.

5. Defendant, Metalsa Structural Products, Inc., ("Metalsa Structural") is a Delaware corporation, with its principal place of business at 750 North Black Branch Road, Elizabethtown, Hardin County, KY 42701.

6. Defendant, Metalsa Structural, is the owner of the property at 750 North Black Branch Road, Elizabethtown, KY 42701. This is a 66 acre property with a 539,592 sq. ft. industrial manufacturing plant.

7. Defendant, Metalsa Structural, is a wholly owned subsidiary of Defendant, Metalsa Automotive USA, Inc.

8. Defendant, Metalsa Automotive USA, Inc. ("Metalsa Automotive"), is a Delaware Corporation, with, upon information and belief, its principal place of business at 750 North Black Branch Road, Elizabethtown, Hardin County, KY 42701.

9. Upon information and belief, at all relevant times, the fork lift operator was an employee of Defendant, Metalsa Structural, and/or Defendant, Metalsa Automotive.

10. Upon information and belief, at all relevant times, Defendant, Metalsa Structural, and/or Defendant, Metalsa Automotive, had the right to direct and control the work of the fork lift operator and did in fact exercise control over the fork lift operator with respect to his operation of the fork lift that ran over Plaintiff's foot on December 23, 2014.

11. Upon information and belief, at all relevant times, Defendants, Metalsa Structural and Metalsa Automotive, were present and transacted, solicited and conducted business in the State of Kentucky, through its employees, agents and/or sales representatives, and derived substantial revenue from such business.

12. At all relevant times, Defendants, Metalsa Structural and Metalsa Automotive, were conducting business in the State of Kentucky and are subject to Kentucky's long arm jurisdiction.

13. At all relevant times, Defendants, Metalsa Structural and Metalsa Automotive, expected, or should have expected, that their acts and omissions would have consequences within the United States and the State of Kentucky.

14. Defendants, Metalsa Structural and Metalsa Automotive, are liable for their negligence in failing to provide safe premises for their business invitees, specifically including Charles Brown on the day in question.

15. Defendant, Metalsa Structural, and/or Defendant, Metalsa Automotive, are vicariously liable for the negligent actions of their employees and agents through respondeat superior and/or agency liability, and specifically with respect the negligent operation of the fork lift by their employee on December 23, 2014.

16. Defendant, Metalsa Structural is vicariously liable for the acts and omissions of Metalsa Automotive.

17. Defendant, Metalsa Automotive is vicariously liable for the acts and omissions of Metalsa Structural.

18. Plaintiffs' damages in this matter accrued in the Western District of Kentucky.

19. Plaintiffs are citizens of the State of Ohio and reside in the City of Brooklyn, Cuyahoga County, Ohio.

## GENERAL FACTUAL ALLEGATIONS

20. On December 23, 2014, Plaintiff Charles Brown was working as a truck driver and an independent contractor for G & W Hauling & Rigging, Inc.

21. On December 23, 2014, at approximately 7:30 A.M., Mr. Brown delivered a truck load of hoists for overhead cranes to the Metalsa plant, at 750 North Black Branch Road, Elizabethtown, Hardin County, KY 42701.

22. While Plaintiff, Charles Brown, waited for his truck to be unloaded, and was at all relevant times on the property of the Metalsa plant at 750 North Black Branch Road, Elizabethtown, KY 42701, a fork lift operator, working within the course and scope of his employment for Defendant, Metalsa Structural, and/or Defendant, Metalsa Automotive, did negligently operate the fork lift such that he caused the fork lift to collide into Plaintiff, Charles Brown, knocking Mr. Brown down and running over Mr. Brown's foot causing severe and permanent damage to Mr. Brown, including a below the knee amputation.

## COUNT I – NEGLIGENCE

23. Plaintiffs re-allege and adopt paragraph 1 through 22 of the General Allegations and incorporate them as if they were fully set forth herein.

24. Upon information and belief, at all relevant times, Defendants, Metalsa Structural, and/or Metalsa Automotive, conducted metal fabricating and manufacturing operations at the Metalsa plant located at 750 North Black Branch Road, Elizabethtown, Hardin County, KY 42701.

25. Upon information and belief, throughout December 2014, including on December 23, 2014, large shipments were being delivered to and shipped from this Metalsa plant via trains and trucks, and Metalsa used heavy machinery, including fork lifts, to move the cargo from one place to another at the Metalsa plant.

26. Truck drivers such as Plaintiff, Charles Brown, were often on the property of the Metalsa plant during December 2014 waiting for their trucks to be unloaded. Indeed, there were at least three truck drivers waiting on the subject property on the morning of the subject incident, December 23, 2014.

27. By having business invitees such as Plaintiff, Charles Brown, in the same area as heavy machinery was being operated, Defendants created a foreseeable zone of risk that posed an unreasonable risk of harm to others, including Plaintiff, Charles Brown.

28. It was foreseeable that someone, such as Plaintiff, Charles Brown, could be seriously injured by a piece of heavy machinery like the fork lift in this case.

29. Defendants knew or should have known that having people like Plaintiff, Charles Brown, in the same area in which heavy machinery was being operated created such an unreasonable risk of harm.

30. Defendants owed Plaintiff, Charles Brown, a duty to use reasonable care to prevent exposing Mr. Brown to an unreasonable risk of harm.

31. Defendants breached this duty by, *inter alia*, failing to have adequate lighting on the premises, failing to have adequate signage on the premises, failing to provide the subject fork lift with adequate safety features such as lights, reflective lights, and/or warning alarms, failing to keep fork lifts and other heavy machinery away from the truck drivers and other business invitees, such as Plaintiff, Charles Brown, failing to adequately supervise and train the fork lift operators, failing to adequately warn persons on the property such as Plaintiff, Charles Brown, about the heavy machinery, and/or failing to provide truck drivers such as Plaintiff, Charles Brown, with safety gear while waiting on the premises so they could be seen by the operators of heavy machinery, such as the fork lift operator in this case.

32. As a direct and proximate cause of Defendants' breach of their duties, Plaintiff, Charles Brown, suffered damages in the past and to be incurred in the future, including, severe and permanent bodily injury, a crush injury to his right foot, broken bones, the amputation of his right leg below the knee, significant pain, suffering, and mental anguish, disfigurement, embarrassment, loss of capacity for the enjoyment of life, medical expenses in the past and medical expenses reasonably certain to be incurred in the future, lost wages in the past and a loss of earning capacity in the future.

WHEREFORE, Plaintiffs demand judgment for damages against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, that will fully, fairly and adequately compensate Plaintiffs for their damages, plus costs and expenses of this litigation, including attorneys' fees, interest,

including any prejudgment interest to which Plaintiffs may be entitled, and any other relief the Court deems equitable; further Plaintiffs demand a trial by jury.

## COUNT II – NEGLIGENCE AND RESPONDEAT SUPERIOR

33. Plaintiffs re-allege and adopt paragraph 1 through 22 of the General Allegations and incorporate them as if they were fully set forth herein.

34. The fork lift operator owed all persons on the Metalsa premises, including Plaintiff, Charles Brown, a duty of reasonable care when operating the fork lift.

35. The fork lift operator breached this duty by negligently operating the fork lift, not being reasonably attentive and watching out for people, and colliding into Plaintiff, Charles Brown, and running over his foot.

36. As a direct and proximate cause of the fork lift operator's negligence, Plaintiff, Charles Brown, suffered damages in the past and to be incurred in the future, including, severe and permanent bodily injury, a crush injury to his right foot, broken bones, the amputation of his right leg below the knee, significant pain, suffering, and mental anguish, disfigurement, embarrassment, loss of capacity for the enjoyment of life, medical expenses in the past and medical expenses reasonably certain to be incurred in the future, lost wages in the past and a loss of earning capacity in the future.

37. Upon information and belief, at all relevant times, the fork lift operator was acting within the course and scope of his employment for Defendant, Metalsa Structural, and/or Defendant, Metalsa Automotive.

38. Defendant, Metalsa Structural, and/or Defendant, Metalsa Automotive, are vicariously liable for the actions of their employees and/or agents, and specifically they are vicariously liable for the actions of said fork lift operator.

WHEREFORE, Plaintiffs demand judgment for damages against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, that will fully, fairly and adequately compensate Plaintiffs for their damages, plus costs and expenses of this litigation, including attorneys' fees, interest, including any prejudgment interest to which Plaintiffs may be entitled, and any other relief the Court deems equitable; further Plaintiffs demand a trial by jury.

## **COUNT III – LOSS OF CONSORTIUM**

39. Plaintiffs re-allege and adopt paragraph 1 through 22 of the General Allegations and incorporate them as if they were fully set forth herein.

40. Plaintiff, Joyce Brown, was at all relevant times, and is, the spouse of Plaintiff, Charles Brown.

41. For the reasons set forth herein, as a result of Mr. Brown's injury caused by the negligence of the Defendants, Metalsa Structural and Metalsa Automotive, and the fork lift operator, Plaintiff, Joyce Brown has suffered, and will continue to suffer in the future, the loss of her spouse's services, assistance, aid, society, companionship, and conjugal relationship, and the marital association between husband and wife has been altered, and accordingly, Plaintiff, Joyce Brown, has been cause great mental anguish.

WHEREFORE, Plaintiffs demand judgment for damages against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, that will fully, fairly and adequately compensate Plaintiffs for their damages, plus costs and expenses of this litigation, including attorneys' fees, interest, including any prejudgment interest to which Plaintiffs may be entitled, and any other relief the Court deems equitable; further Plaintiffs demand a trial by jury.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues so triable.

Dated: December 18, 2015

Respectfully submitted,

By: /s/ Peter Perlman_____
PETER PERLMAN
PETER PERLMAN LAW OFFICES, P.S.C.
148 N. Broadway
Lexington, Kentucky 40507
(859) 253-3919
(859) 259-0493 Fascimile
Peteperlman@peteperlman.com

CHARLES C. ADAMS, JR.
HERREN & ADAMS LLP
148 N. Broadway
Lexington, Kentucky 40507
(859) 254-0024
Chuck.adams@herrenadams.com

DENNIS R. LANSDOWNE (Ohio Bar 0026036)
(*Pro Hac Vice* to be filed)
DUSTIN B. HERMAN (Ohio Bar 0093163)
(*Pro Hac Vice* to be filed)
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*dherman@spanglaw.com*

***Counsel for Plaintiffs***

## CERTIFICATION PURSUANT TO KRS 411.188

Plaintiffs certify that the following potential subrogation provider has been notified via certified mail.

Medicare
Kathleen Gallagher
U.S. Department of Justice
U.S. Attorneys' Office - Northern District of Ohio
U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, OH  44113-1852

Travelers
Betsy Wilkerson
PO Box 50473
Indianapolis, IN 46250-0473

                                           /s/ Peter Perlman_____
                                           ATTORNEY FOR PLAINTIFFS